MARIO MERCADO E HIJOS, Plaintiff and Appellee, v. RODOLFO CHARDÓN, Defendant and Appellant.

No. 8106. Argued June 11, 1940.—Decided July 26, 1940.

*E. Huertas Zayas* for appellant. *Fernando Zapater* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Mario Mercado e Hijos, a civil agricultural partnership domiciled in Ponce, on August 26, 1938, brought in the district court a suit against Rodolfo Chardón, a farmer and resident of that municipality, praying for a decree enjoining him from committing certain acts of disturbance charged against him and imposing on him the payment of costs and attorney's fees.

Accordingly it alleged that for one year preceding the filing of the complaint it had held actual possession as owner of two properties: one containing one hundred and forty-eight acres *(cuerdas)* of land, located in the ward of Magueyes, and another containing seventy-nine acres in the wards of Canas and Magueyes; that for more than one year preceding the filing of the complaint, it had continuously used as an outlet from those properties and for the transportation of the products thereof, a road 2½ meters wide and more than 70 meters long, which starting from Kilometer 3 on the Adjunta-Ponce Highway extends in a northwestern direction crossing the Canas River, and ends in its aforesaid properties, the road being necessary for the exploitation of the latter.

It further alleged that on July 23, 1938, the defendant personally and through his laborers and employees, without the consent and against the will of the plaintiff, began to accumulate and did accumulate, stones, earth, debris, and other materials throughout the entire length of the road on the eastern bank of the river in such a manner as to obstruct the passage of persons, animals, and carts through the same; and that upon demand being made on him to remove the obstruction and to refrain from further accumulating mate-

rials at said place, he refused to do so, for which reason the plaintiff prayed that the court, in accordance with Act No. 43 of 1913 (Sess. Laws, p. 84), protect it in its right.

The defendant filed a motion to strike out which was sustained in part. He then demurred to the complaint for failure to state a cause of action and his demurrer was overruled. Thereupon he answered. He denied certain allegations and admitted. that the plaintiff had occasionally used the road in question, but denied that it had a width of 70 meters within the property managed by the defendant, and up to the river bank, or that it was used for the transportation of the products of plaintiff's properties, alleging that said products are transported over another good and ample road which it has parallel to the one claimed to have been obstructed, and denying that he had performed any of the acts of disturbance charged against him, or that any demand had been made upon him as alleged in the complaint.

As special defenses the defendant set up that he is the manager of the tract of land crossed by said road; that in using the latter, since less than a year ago, the plaintiff had deviated from the entrance thereto and was using a strip of land 13 meters wide parallel to the highway thereby producing a depression on the ground, due to the softness of the soil, in which water collected causing damage to a lot in the property and to the highway; which brought about a warning to him from the employees of the Department of the Interior to correct the defect, and in attempting to do so he refilled the depression but only up to the entrance into the road, the passage through which was not obstructed at any time; that the plaintiff uses in addition to the road in question, two other roads which are located at a distance of 20 or 30 meters from the former within the property managed by the defendant; and that what the plaintiff seeks through this action is to obtain a judgment that will serve it as a title for a right of way which it does not own.

The case went to trial and considerable evidence was produced and a view of the premises was subsequently taken. It was finally submitted without argument, and the court decided it against the defendant. Thereupon the latter took the present appeal, and he has assigned eleven errors.

By the first assignment he complains of the failure to sustain fully his motion to strike. He maintains that all the allegations in the complaint regarding the ownership by the plaintiff of the two properties described therein and as to the need of the road for the exploitation of the former, should have been stricken out and perhaps he may be right, as really in a case of this kind it is only necessary to allege the possession of the road.

However, the error, if any, does not carry with it the reversal of the judgment, as it was harmless. The allegations sought to be stricken out tend to explain the use of the road and the reason for plaintiff's claim.

By the second assignment it is maintained that the court erred in overruling the demurrer. It is insisted that the deprivation of the use of the road can not be made the basis of an injunction *(interdicto)*; but that is a question which has been repeatedly decided by this court adversely to the contention of the appellant herein. *Echevarría et al.* v. *Sauri,* 38 P.R.R. 661; *Fernández* v. *González,* 41 P.R.R. 719; *Fajardo Sugar, etc.* v. *Central Pasto Viejo, Inc.,* 41 P.R.R. 817; and *Roman Catholic Church* v. *Puig,* 52 P.R.R. 747. There was no error.

In the sixth assignment the question raised by the second, which we have just decided in the sense that no error was committed, is again discussed.

In the third, fourth, seventh, eighth, and ninth assignments the weighing of the evidence by the district court is generally and specifically challenged.

Said evidence, as stated by the court at the beginning of its opinion, was conflicting. The conflict was resolved against the defendant. The latter challenges on various

grounds the ruling of the court, but his arguments fail to convince us that the court acted under the influence of passion, prejudice, or partiality, or that it committed manifest·error. Any erroneous finding contained in its opinion would not vitiate its judgment if the latter can be sustained, as it is sustained, independently of said finding. The existence of the road was admitted. Likewise its use, although characterized as incidental. Its obstruction was declared proven, and in the transcript there is enough basis to justify such declaration. The fact should not be overlooked that the court took a view of the premises and was able to determine by itself that the road had been obstructed.

By the fifth assignment it is maintained that the judgment rendered could not be enforced without encroaching upon the property of another. This contention is groundless. The defendant has not been ordered to interfere with the public highway. These cases are rendered difficult by the unwillingness of the parties to reach an understanding. If in good faith and with the desire to take into account all the interests involved, both the plaintiff and the defendant had made an agreement with the Department of the Interior regarding the proper repairs at the place where the road and the public highway meet, they would have obtained this easily, to the benefit of themselves and of all those who use the road. If the amount expended on the suit, which undoubtedly arose because no one was willing to yield and each sought to impose his will in his own way, had been invested in the reparation of the road, the latter would be in the same, if not better, condition as the public highway.

██ The tenth assignment is formulated thus:

"The lower court erred in sustaining the complaint without the capacity of the supposed agricultural partnership 'Mario Mercado e Hijos' having been proved."

It lacks merit. Although in the first paragraph of the answer denial is made of the first paragraph of the complaint wherein the existence of the plaintiff partnership is alleged,

the fact is that from the remaining allegations of the answer it may be inferred that such existence is admitted. Moreover, at the trial, through the introduction of a certain deed, it was established that the partnership existed in the year 1938, when the complaint was filed.

Regarding the eleventh and last assignment of error, the appellant says in his brief that he waives all argument thereon and the appellee states in its brief that "in accordance with the case of *Lebrón* v. *Montalvo,* 45 P.R.R. 13, we acquiesce in having the item of $10 reduced to $8, that is, $3 for filing the appeal and $5 for the setting on the calendar, since the schedule act fixes a $5-stamp fee, 'for entering a case on the calendar or setting any incident' without distinguishing between ordinary and extraordinary civil cases."

With this acquiescence which should be taken into consideration when liquidating the costs, the judgment appealed from must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.